IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMSC-043

Filing Date: November 21, 2011

Docket No. 33,029

STATE OF NEW MEXICO, ex rel., HON. JOHN ARTHUR SMITH,
HON. MICHAEL S. SANCHEZ, HON. HENRY KIKI SAAVEDRA,
HON. LUCIANO "LUCKY" VARELA,  members of the New Mexico
Legislature and citizens of New Mexico,

       Petitioners,

v.

HON. SUSANA MARTINEZ, Governor of the State of New Mexico,
HON. DIANNA J. DURAN, Secretary of State of New Mexico,

       Respondents,

and

OFFICE OF THE ATTORNEY GENERAL,

       Intervenor.

ORIGINAL PROCEEDING

Youtz & Valdez, P.C.
Shane Youtz
Gabrielle Valdez
Albuquerque, NM

for Petitioners

Jessica Hernandez
Jennifer L. Padgett
Matthew J. Stackpole
Gregory S. Shaffer
Santa Fe, NM

for Respondents

1

Gary K. King, Attorney General
Scott Fuqua, Assistant Attorney General
Mark Reynolds, Assistant Attorney General
Santa Fe, NM

for Intervenor

**OPINION**

**MAES, Justice.**

{1}     In the General Appropriation Act of 2011, the Legislature appropriated $150,000 to the Department of Finance and Administration "[f]or disbursement to the New Mexico mortgage finance authority to carry out the responsibilities, duties and provisions of the regional housing law."  On April 8, 2011, the Governor signed the General Appropriation Act of 2011; however, the Governor struck the "1" from the $150,000 appropriated by the Legislature to the Department of Finance and Administration, thereby changing or "scaling" the appropriation down to $50,000.  In House Executive Message No. 31, the Governor stated that she vetoed the "1" because, although she agreed with the Legislature that regional housing oversight was a necessary expenditure, she "disapproved of the excessive part of the appropriation," evidently the vetoed $100,000.

{2}     Citizens of the State of New Mexico, electors, taxpayers, and members of the New Mexico Legislature (Petitioners) subsequently filed a Verified Petition for Writ of Mandamus/Prohibition. *See* N.M. Const. art. VI, § 3 ("The supreme court shall have original jurisdiction in quo warranto and mandamus against all state officers, boards and commissions . . . .").  Petitioners sought a writ restoring the full appropriation, claiming it was an unconstitutional application of the Governor's partial veto authority.  This Court heard oral argument and granted Petitioner's Writ of Mandamus/Prohibition.  This Court ordered that the Governor's "partial veto that would allow scaling of appropriations [was] invalid and unconstitutional" and restored the $150,000 Legislative appropriation.  We now issue this Opinion to further explain the order of this Court.

**DISCUSSION**

{3}     Article III, Section 1 of the New Mexico Constitution sets forth the separation-of-powers doctrine for state government.  There are three distinct departments of government: legislative, executive, and judicial.  N.M. Const. art. III, § 1 ("[N]o person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this constitution otherwise expressly directed or permitted.").

2

**{4}** Under Article IV of the New Mexico Constitution, the Legislature and the Executive are given separate roles in respect to appropriations. The New Mexico Constitution vests the power to appropriate money exclusively with the Legislature. N.M. Const. art. IV, § 16. Our Constitution further requires that a law making an appropriation must "distinctly specify the sum appropriated and the object to which it is to be applied," with money being "paid out of the treasury only upon appropriations made by the legislature." N.M. Const. art. IV, § 30. The Governor has the power to "approve or disapprove any part or parts, item or items, of any bill appropriating money, and such parts or items approved shall become a law, and such as are disapproved shall be void unless passed over his [or her] veto." N.M. Const. art. IV, § 22.

## THE GOVERNOR'S PARTIAL VETO AUTHORITY DOES NOT ALLOW THE POWER TO REDUCE OR "SCALE" AN APPROPRIATION

**{5}** The Governor argues that she properly executed her partial veto power because "New Mexic[o] governors have the ability to veto something smaller and more discrete than 'items,'" and that "[o]ne hundred thousand is a 'part' of $150,000.00." The Governor relies on *State ex rel. Coll v. Carruthers* for the premise that "New Mexico differs from most other states with item-veto provisions because it allows the broadest possible veto authority by additionally providing authority to veto 'parts', not only 'items.'" 107 N.M. 439, 442, 759 P.2d 1380, 1383 (1988) (per curiam).

**{6}** This Court's partial veto decisions do not answer the question raised in this case, but do contain principles about the line-item veto. In *State ex rel. Dickson v. Saiz*, this Court held that the Governor's partial veto power is a quasi-legislative function, which is an exception to our separation of powers doctrine. 62 N.M. 227, 236, 308 P.2d 205, 211 (1957) (per curiam) ("Our Constitution does not, necessarily, foreclose the exercise by one department of the state of powers of another but contemplates in unmistakable language that there are certain instances where the overlapping of power exists. Indeed, when the Governor exercises his [or her] right of partial veto he [or she] is exercising a quasi-legislative function."). In *Dickson,* the Governor was presented with House Bill No. 155 and struck all language that would have made it possible to have saloons and bars open on Sunday. 62 N.M. at 231, 238, 308 P.2d at 208, 212. This Court held that the Governor was acting strictly within his quasi-legislative capacity because there was "no reducing, nor any scaling, of appropriations." *Id.* at 238, 308 P.2d at 212.

**{7}** In *State ex rel. Sego v. Kirkpatrick*, we held that the Governor's power to impose a partial veto is not an absolute power. 86 N.M. 359, 362, 524 P.2d 975, 978 (1974) ("The power of veto, like all powers constitutionally conferred upon a governmental officer or agency, is not absolute and may not be exercised without any restraint or limitation whatsoever. The very concept of such absolute and unrestrained power is inconsistent with the concept of 'checks and balances' . . . ."). The respondents in *Sego*, as in this case, relied on the dictionary definitions of "item" and "part" to support their argument that a part is inherently smaller than an item. 86 N.M. at 364, 524 P.2d at 980. This Court concluded,

3

however, that there was not "any significant distinction between or among [the terms item and part]." *Id.* (internal quotation marks omitted) (quoting *State ex rel. Turner v. Iowa State Highway Comm'n*, 186 N.W.2d 141, 149 (Iowa 1971)). The purpose of including the terms "part or parts" and "item or items" in our Constitution was to extend the partial veto power beyond other states' constitutions that limit the partial veto to items of appropriation and general appropriation bills. *Id.* at 365, 524 P.2d at 981. This Court interpreted the Governor's partial veto power under Article IV, Section 22 to apply to "(1) bills of general legislation, which contain incidental items of appropriation, as well as general appropriation bills, and (2) to 'items or parts' thereof in addition to 'items of appropriation.'" *Sego*, 86 N.M. at 364-65, 524 P.2d at 980-81. Thus, so long as the bill is a "bill appropriating money," the Governor may veto any part or item thereof, and not just a part actually appropriating money.

{8}     The Governor is correct that our Constitution allows the broadest possible veto authority by providing authority to veto "parts," not only "items." In *Coll*, however, this Court recognized the limitation of this veto power by clarifying that the "power of partial veto is only a negative power to disapprove; it is not the power to enact or create new legislation by selective deletions." 107 N.M. at 442, 759 P.2d at 1383. Our case law emphasizes the limitation of the Governor's partial veto power by requiring that the veto eliminate the *whole* of an item or part and prohibiting the striking of individual words that result in legislation inconsistent with the Legislature's intent. *Sego*, 86 N.M. at 365, 524 P.2d at 981 ("[A] partial veto must be so exercised that it eliminates or destroys the *whole* of an item or part and does not distort the legislative intent, and in effect create legislation inconsistent with that enacted by the Legislature, by the careful striking of words, phrases, clauses or sentences." (emphasis added)). By striking a single numerical digit, the Governor did not eliminate the whole of the item; she distorted the Legislature's intent to appropriate $150,000 to the Department of Finance and Administration for the mortgage finance authority. There is no authority to scale back: the Governor may strike the whole of the appropriation or leave it intact; she may not conceive her own appropriation.

{9}     The Governor cites numerous out-of-state cases to support her position that the partial veto power includes the power to scale down an appropriation. The cases cited by the Governor interpret other states' constitutional partial veto powers, none of which are analogous to our constitutional partial veto power. We need not rely on these cited cases because, as discussed above, our case law sufficiently addresses the Governor's partial veto authority, including the Governor's lack of authority to scale down an appropriation. *See State ex rel. Holmes v. State Bd. of Fin.*, 69 N.M. 430, 434, 367 P.2d 925, 928 (1961) ("[I]t is generally held that the governor has no power to scale down an item in an appropriation act."). The Governor also argues that former New Mexico governors have used their partial veto authority to reduce an appropriation without being challenged. While it is true that legislative acquiescence to actions by the governor may indicate that the governor's action is proper, *see State ex rel. Lee v. Hartman*, 69 N.M. 419, 427, 367 P.2d 918, 924 (1961), it remains the role of this Court to determine the constitutionality of an action.

4

**CONCLUSION**

**{10}**     The Governor's partial veto that would allow scaling of appropriations is invalid and unconstitutional.  The Governor violated the separation of powers doctrine when she struck the "1" from the $150,000 appropriation to the Department of Finance and Administration "[f]or disbursement to the New Mexico mortgage finance authority to carry out the responsibilities, duties and provisions of the regional housing law."  Accordingly, a writ of mandamus has been issued ordering the reinstatement of the Legislature's $150,000 appropriation.

**{11}     IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

_____
**PATRICIO M. SERNA, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**RODERICK T. KENNEDY, COA Judge**
**(sitting by designation)**

**Topic Index for *State of New Mexico ex rel Smith v. Hon. Susana Martinez*, Docket No. 33,029**

| | |
|---|---|
| **CT** | **CONSTITUTIONAL LAW** |
| CT-NM | New Mexico Constitution, General |
| CT-SP | Separation of Powers |
| | |
| **GV** | **GOVERNMENT** |
| GV-AP | Appropriations |
| GV-EB | Executive Branch |
| | |
| **RE** | **REMEDIES** |
| RE-WM | Writ of Mandamus |
| RE-WP | Writ of Prohibition |